```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KAWAND COFIELD, #15002329,

                        Plaintiff,
                                                            ORDER
        -against-                                           15-CV-5768(SJF)(GRB)

NASSAU COUNTY CORRECTIONAL FACILITY,
ARMOR HEALTH INC.,

                        Defendants.
------------------------------------------------------------------------X
KAWAND COFIELD, #15002329,

                        Plaintiff,
                                                            ORDER
        -against-                                           15-CV-6865(SJF)(GRB)

NASSAU COUNTY CORRECTIONAL FACILITY,
SHERIFF MICHAEL SPOSATO,

                        Defendants.
------------------------------------------------------------------------X
```

FEUERSTEIN, J.:

On October 1, 2015, incarcerated *pro se* plaintiff Kawand Cofield ("Plaintiff") filed a complaint against defendants Nassau County Correctional Facility ("Jail") and Armor Health Inc. ("Armor") alleging civil rights violations under 42 U.S.C. § 1983 (the "October Complaint"), accompanied by an application to proceed *in forma pauperis*. On December 1, 2015, Plaintiff filed another Section 1983 complaint against the Jail and Sheriff Michael Sposato (the "December Complaint"), which was also accompanied by an application to proceed *in forma pauperis*. For the following reasons Plaintiff's applications to proceed *in forma pauperis* are granted and Plaintiff's October Complaint and December Complaint are each dismissed *sua sponte* with prejudice unless Plaintiff files an amended complaint that complies with the pleading standards set forth below on or before May 16, 2016.

## I. PLAINTIFF'S COMPLAINTS

### A. The October Complaint

Plaintiff's October Complaint is handwritten on the Court's general Section 1983 complaint form.[1]  Plaintiff describes the facts underlying his claim as follows:

> "About a week to three weeks prior to being incarcerated, I noticed blood in the toilet and when I wiped when I used the bathroom.  I also was having severe stomach pains.  I let it go at first and thought it was because I wiped to hard.  But when the pain became really really bad, and the bleeding became more and more serious I filled out sick call after sick call slips, one from 7/12, another on 7/25 and another on 8/23.  I was told to give a stool sample, I've given two, and still nothing has been done.  The bleeding and pain is still accuring and nothings been done yet."

(Compl. § IV).

Plaintiff describes his injuries as follows:

> "My injuries are severe bleeding each and every time I use the bathroom.  I'm constantly in severe pain and I'm starting to see pieces of flesh also when I use the bathroom in the toilet.  No medical treatment has been given to me yet nor has this situation been looked into by the medical staff to see how serious this issue is."

(*Id.* § IV.A).

Plaintiff requests the following relief:

> "I'm seeking to be paid for my pain and suffering, and to have Armor Health Inc. removed from their medical practice in any facility because of their lack of medical attention.  Who knows what my medical issue maybe or if it is life threatening."

(*Id.* § V).

---

[1] Quoted excerpts from Plaintiff's October Complaint and December Complaint are reproduced here exactly as they appear in the originals.  Errors in spelling, grammar, and punctuation have not been corrected or noted.

### B. The December Complaint

Plaintiff's December Complaint is also handwritten on the Court's Section 1983 complaint form. Plaintiff describes the facts underlying his claim as follows:

> "On November 7th through the 9th 2015, the Nassau County Correctional Facility was locked down for no known reason: the inmates of the facility was forced to stay in our cells without any showers, no heat, or hot water to date [November 23, 2015]. Also deprived any hot meals or the proper required religious diety for 72 hours straight. My religion is Jewish, and my diet consist of a Kosher meal three times a day. Due to the lack of my religious diet I was not able to eat for 72 hours! This issues has added to my already medical issue that I am dealing with because of Nassau County!"

(*Id.* § IV).

Plaintiff describes his injuries as follows:

> "This issue has caused me to bleed internally more than I am from the medical issue I'm currently fighting. Severe stomach pains and irregular bowel movement. Along with heavy internal bleeding. No medical treatment has been received since I'v complained about this issue and grieved it."

(*Id*. § IV.A).

Plaintiff requests the following relief:

> "I'm seeking compisatione for the pain and suffering I'm currently and most likely will be dealing with for the rest of my life. Also that the Nassau County Jail be run according to Federal Law. That Sheriff Michael Sposato be relieved from the Sheriff position of Nassau County."

(*Id*. § V).

## II. DISCUSSION

### A. Plaintiff's *In Forma Pauperis* Applications

Upon review of Plaintiff's declarations in support of his applications to proceed *in forma pauperis*, the Court finds that, pursuant to 28 U.S.C. § 1951(a)(1), Plaintiff's financial status qualifies him to commence these actions without prepayment of filing fees. Accordingly,

Plaintiff's applications to proceed *in forma pauperis* are granted.

### B. Plaintiff's Complaints

#### 1. Standard of Review

Under both the *in forma pauperis* statute, 28 U.S.C. § 1915, and the Prison Litigation Reform Act, 28 U.S.C. § 1915A, a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (Sections 1915 and 1915A both applicable to actions filed by prisoners *in forma pauperis*).

Courts must read *pro se* complaints liberally, and construe them "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted); *see also Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013). The Court must also assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).

Nevertheless, in order to avoid dismissal, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). The plausibility standard "does not require detailed factual allegations," but it does "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

### 2. Section 1983

Title 42, Section 1983 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S.Ct. 1657, 1661 (2012). To state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

#### a. *Claims against the Jail*

"'Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.'" *Garcia v. Dutchess Cnty.*, 43 F. Supp. 3d 281, 301 (S.D.N.Y. 2014) (quoting *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)); *see also Robischung-Walsh v. Nassau Cnty. Police Dep't*, 699 F. Supp. 2d 563, 565 (E.D.N.Y. 2010), *aff'd*, 421 F. App'x 38 (2d Cir. 2011). The Jail is an administrative arm of the County of Nassau ("the County"), and thus lacks the capacity to be sued. *See*, *e.g.*, *Jones v. Nassau Cnty. Corr. Inst.*, Nos. 14-cv-1217, 14-cv-1562, 2014 WL 1277908, at * 4 (E.D.N.Y. Mar. 26, 2014);

*Hawkins v. Nassau Cnty. Corr. Fac.*, 781 F. Supp. 2d 107, 109, n. 1 (E.D.N.Y. 2011). Accordingly, Plaintiff's claims against the Jail are dismissed in their entirety with prejudice. However, because Plaintiff is proceeding *pro se*, his Section 1983 claims against the Jail are construed as being brought against the County.

### b. *Claims against the County*

"[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91 (1978)). "Absent such a custom, policy, or usage, a municipality [or private employer] cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Jones*, 691 F.3d at 80; *see also Connick v. Thompson*, 563 U.S. 51, 60-61, 131 (2011) (governmental bodies are not vicariously liable for their employees' actions); *Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 36 (2010) ("[A] municipality cannot be held liable solely for the acts of others, *e.g.*, *solely* because it employs a tortfeasor.") (emphasis in original) (internal quotations omitted).

In order to prevail on a Section 1983 claim against a municipality, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008); *see also Connick*, 563 U.S. at 60-61 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury.") (quoting *Monell*, 436 U.S. at 691).

A 1983 plaintiff need not show that the unconstitutional activity in question was a formal

or explicit policy. "A municipal policy may be pronounced or tacit and reflected in either action or inaction." *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61 (citations omitted). Where a plaintiff's Section 1983 claims against a municipality are premised on the actions of a lower-level employee, the plaintiff may establish municipal liability "by showing that a policymaking official ordered or ratified the employee's actions- either expressly or tacitly." *Jones*, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." *Id*. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." *Id*.

Finally, in order to withstand dismissal, a plaintiff's complaint must include factual content tending to support the existence of an unconstitutional custom or policy. *See Zherka v. City of New York*, 459 F. App'x 10, 12 (2d Cir. 2012) ("[T]he mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.") (quoting *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)).

Neither of Plaintiff's complaints contain factual allegations from which it may reasonably be inferred that the County has any policy, explicit or tacit, concerning the underlying conduct that Plaintiff complains of. Accordingly Plaintiff's Section 1983 claim against the Jail, as construed by the Court to be asserted against the County, is dismissed with prejudice unless

7

Plaintiff files an amended complaint that complies with the pleading standards set forth above on or before May 16, 2016.

### c. *Claims against Armor*

Plaintiff names Armor as a defendant in his October Complaint, but does not include any specific factual allegations against it. "Armor Correctional Health, Inc. is a private company contracted to perform medical services for inmates at the Nassau County Correctional Center." *Jessup v. Armor Health Service, Inc.*, No. 14-cv-9050, 2014 WL 1768140, at *2 (E.D.N.Y. May 2, 2014) (internal quotations and citations omitted). As a private health care company under contract with the state to provide medical services at a public prison, Armor is subject both to suit under Section 1983 and the protections set forth in *Monell*. *See Bess v. City of New York*, No. 11-cv-7604, 2013 WL 1164919, at *2 (S.D.N.Y. Mar. 19, 2013) ("In providing medical care in prisons, [a private medical services provider] performs a role traditionally within the exclusive prerogative of the state and therefore … is the functional equivalent of the municipality.") (citing *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997); *Conner v. Donnelly*, 42 F.3d 220, 224 (4th Cir. 1994); *Iksander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982); *Mercado v. City of New York*, 08-cv-2855, 2011 WL 6057839, at *7 n. 10 (S.D.N.Y. 2011)).

Just as with the County itself, a viable Section 1983 claim against Armor requires factual allegations suggesting that the alleged deprivation of rights under federal law was caused by company policy or custom, and not simply the action or inaction of some Armor employee. *See, e.g.*, *Rojas v. Alexander's Dept. Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) ("Private employers are not liable under § 1983 for the constitutional torts of their employees … unless the plaintiff proves that 'action pursuant to official . . . *policy* of some nature caused a constitutional tort.'") (quoting *Monell*, 436 U.S. at 691) (emphasis in original).

Plaintiff has not alleged any facts that support a plausible Section 1983 claim against Armor. Neither of Plaintiff's complaints contain any allegations sufficient for the Court to conclude that any of Plaintiff's constitutional rights may have been violated. Accordingly Plaintiff's Section 1983 claim against Armor is dismissed with prejudice unless Plaintiff files an amended complaint that complies with the pleading standards set forth above on or before May 16, 2016.

### d. *Claims against Sheriff Sposato*

In order to survive dismissal, a plaintiff asserting a 1983 claim against an individual must allege that the individual defendant was personally involved in the constitutional deprivation. *See Raspardo v. Carlone*, 770 F.3d 97, 115 (2d Cir. 2014) ("If a defendant has not *personally* violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against the defendant.") (emphasis in original); *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quotation omitted). A plaintiff can establish personal involvement by showing that the defendant "commit[ted] the acts personally," or "authorize[d], order[ed], or help[ed] others to do the unlawful acts." *Terebesi v. Torreso*, 764 F.3d 217, 234 (2d Cir. 2014).

Where the individual defendant is a supervisory official, the plaintiff can satisfy the "personal involvement" requirement by showing that the defendant "(1) fail[ed] to take corrective action after learning of a subordinate's unlawful conduct, (2) creat[ed] … a policy or custom fostering the unlawful conduct, (3) [was] gross[ly] negligen[t] in supervising subordinates who commit unlawful acts, or (4) [was] deliberate[ly] indifferen[t] to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut*

9

*v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003) (citation omitted); *see also Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). Additionally, where the individual defendant is a supervisory official, "a plaintiff must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation." *Raspardo*, 770 F.3d at 116.

Neither of Plaintiff's complaints contain any allegations that Sheriff Sposato directly participated in or facilitated any violation of Plaintiff's constitutional rights, and offer no basis upon which Sheriff Sposato might plausibly be held liable in a supervisory capacity. Accordingly, Plaintiff's Section 1983 claim against Sheriff Sposato is dismissed with prejudice unless Plaintiff files an amended complaint that complies with the pleading standards set forth above on or before May 16, 2016.

### III. CONCLUSION

For the reasons set forth above, (i) Plaintiff's applications to proceed *in forma pauperis* are granted; (ii) Plaintiff's claims against the Jail set forth in his October Complaint and his December Complaint are dismissed with prejudice, and are deemed to have been asserted against the County; and (iii) Plaintiff's Section 1983 claims against the County, Armor, and Sheriff Sposato are dismissed with prejudice unless Plaintiff files an amended complaint that complies with the pleading standards set forth above on or before May 16, 2016.

Plaintiff is advised that an amended complaint does not simply add to his original complaints. Once an amended complaint is filed, it completely replaces the originals. Therefore, Plaintiff must include all necessary information that is contained in his October Complaint or his December Complaint in any amended complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the docket number 15-CV-

5768(SJF)(GRB). If Plaintiff fails to file an amended complaint within the time allowed, both the October Complaint and December Complaint shall be dismissed, judgment shall enter, and the case will be closed. If Plaintiff files an amended complaint within the permitted time, the Court will review it pursuant to 28 U.S.C. § 1915(e)(2)(b).

The Clerk of Court is directed to close the case bearing docket number 15-CV-6865(SJF)(GRB). All future filings shall be made only under docket number 15-CV-5768(SJF)(GRB).

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order upon Plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any such appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *Umoja v. Griffin*, No. 11-cv-0736, 2014 WL 2453620, at *22 (E.D.N.Y. May 29, 2014).

**SO ORDERED.**

                                              *s/ Sandra J. Feuerstein*
                                              Sandra J. Feuerstein
                                              United States District Judge

Dated: April 14, 2016
       Central Islip, New York