**FILED
CLERK**
6/21/2016 12:05 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KAWAND COFIELD, #15002329,

                              Plaintiff,

          -against-

NASSAU COUNTY, NASSAU COUNTY CORRECTIONAL
FACILITY, ARMOR HEALTH INC., SHERIFF MICHAEL
SPOSATO,

                              Defendants.
------------------------------------------------------------------------X

**ORDER**
15-CV-5768 (SJF)(GRB)

FEUERSTEIN, District Judge:

On October 1, 2015, incarcerated *pro se* plaintiff Kawand Cofield ("Plaintiff") filed a complaint against defendants Nassau County Correctional Facility (the "Jail") and Armor Health Inc. ("Armor") alleging civil rights violations under 42 U.S.C. § 1983, accompanied by an application to proceed *in forma pauperis*. (Case No. 15-cv-5768, Dkt. 1, 2). On December 1, 2015, Plaintiff filed another Section 1983 complaint against the Jail and Nassau County Sheriff Michael Sposato, also accompanied by an application to proceed *in forma pauperis*. (Case No. 15-cv-6865, Dkt. 1, 2). By Order dated April 14, 2016 (Case No. 15-cv-5768, Dkt. 8; Case No. 15-cv-6865, Dkt. 7) (the "April Order"), the Court: (i) granted Plaintiff's applications to proceed *in forma pauperis*; (ii) dismissed Plaintiff's claims against the Jail with prejudice and construed those claims to be asserted against the County of Nassau (the "County"); (iii) dismissed Plaintiff's claims against the County, Armor, and Sheriff Sposato *sua sponte* for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii) and 1915A(b)(1), with leave to file an amended complaint on or before May 16, 2016; and (iv) closed the case that Plaintiff filed in December and directed all future filings to be made under docket number 15-cv-5768. Plaintiff filed an amended complaint on April 28, 2016. (Dkt. 9) ("Amended Complaint" or "Am. Compl."). For the following reasons, Plaintiff's Amended Complaint is

dismissed *sua sponte* with prejudice.

I.      **THE AMENDED COMPLAINT**

    A.      **Jail Law Library**

Plaintiff claims to have suffered deprivation of unspecified constitutional rights based upon inadequate access to the Jail's law library and the law library's insufficient resources. (*See* Am. Compl. at 1). Specifically, Plaintiff complains that: (i) he is "in dire need of more time in the law library here at the [Jail] other than the (1) one hour per week that [he is] afforded"; (ii) he must share the library with "no less than (12) twelve to (20) twenty other detainees during the (1) one hour"; and (iii) he has "no access to computers, out dated type writers that does not have ribbons." (*Id.*). Plaintiff claims that this violates his "constitutional rights to be afforded the same or equal equipment as the District Attorney has or [the] general public has access to a fully stocked, up to date law library." (*Id.*). Plaintiff also complains that "there is not even a notary public in the main jail so there is like a (3) three day wait to get papers notarized. (*Id*. at 1-2).

    B.      **Medical Care**

Plaintiff claims that he has been diagnosed with ulcerative colitis and has received inadequate medical treatment for this condition. (*See id.* at 2-3). Plaintiff alleges that within "one week to … three weeks after being incarcerated," he began suffering stomach pains and "noticed blood in the toilet," and that "when the bleeding became more and more serious, [he] filled out a sick call after sick call, from 7/12/15, another on 7/25/15, and another on 8/23/15, which all were ignored until [he] filed three grievances complaining about the lack of medical attention [he] was receiving." (*Id.* at 2). Plaintiff alleges that "no medical treatment had yet to be given or looked into by the medical staff … until on or around the month of October when he was scheduled for a G.I. colonostaphy," which revealed that Plaintiff had ulcerative colitis. (*Id.*).

2

Plaintiff alleges that he did not suffer from ulcerative colitis prior to being incarcerated. (*Id.*). Plaintiff alleges that he "was due for a follow up with the G.I. Clinic at Nassau University to see how to handle this [disease]," but that he "was never taken to the follow up which resulted in [his] sickness to become very severe where [he] had to be hospitalized for over a week, because [his] T-cell count was very low [and he] lost an excessive amount of blood where [he] almost had to receive a blood transfusion." (*Id.* at 3). Plaintiff claims that he has "become anemic [and] lost an extremely large amount of weight, all of which is documented in [his] medical records at [the Jail] and Nassau University Medical Center." (*Id.*).

Plaintiff alleges generally that his medical troubles are due, in whole or in part, to Armor's negligence. (*See id.*). Plaintiff alleges that Sheriff Sposato "hire[d] Armor" and "(1) failed to take corrective action after learning of a subordinates unlawful conduct, (2) created a policy or custom fostering the unlawful conduct, (3) was grossly negligent in supervising subordinates who commit unlawful acts, or (4) was deliberately indifferent to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." (*Id.*).

With respect to his medical care claims, Plaintiff seeks "$10,000,000.00 for pain and suffering, and to have Armor … removed from their medical practice in any facility because of their lack of medical treatment to the inmates of the [Jail]." (*Id.*).

### C. Jail Lock Down

Finally, Plaintiff claims that "on or about the 7th day through the 9th day of November 2015, [Sheriff Sposato] closed and locked down the [Jail] for no known reason." (*Id.* at 3-4). Plaintiff claims that during this period, inmates were "forced to stay in [their] cells without any showers, no heat, or hot water" and that the inmates "were deprived of any hot meals or the proper required religious diet[ ] for 72 hours straight." (*Id.* at 4). Plaintiff claims that he is Jewish, that

3

his "diet consist[s] of a Kosher meal three times a day," and that "due to the lack of [his] religious diet [he] was not able to eat for 72 hours!" (*Id.*). Plaintiff claims that this exacerbated his medical challenges. (*See id.*). Plaintiff alleges that he has "a [disease] that [he'll] be dealing with for the rest of [his] life and [has] injuries because of the misconduct of Sheriff Michael Sposato and the way he runs the [Jail]." (*Id.*).

With respect to these claims, Plaintiff seeks "compensation for [his] pain and suffering [in the amount of] $5,000,000.00," and requests "that the … Jail be run according to federal law," and "that Sheriff Michael Sposato be relieved from the Sheriff position of Nassau County." (*Id.*).

## II. DISCUSSION

### A. Standard of Review

Under both the *in forma pauperis* statute, 28 U.S.C. § 1915, and the Prison Litigation Reform Act, 28 U.S.C. § 1915A, a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (Sections 1915 and 1915A both applicable to actions filed by prisoners *in forma pauperis*).

Courts must read *pro se* complaints liberally, and construe them "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted); *see also Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013). The Court must also assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).

Nevertheless, in order to avoid dismissal, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). The plausibility standard "does not require detailed factual allegations," but it does "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

### B. Section 1983

Title 42, Section 1983 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). To state a claim under § 1983, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

#### 1. Claims against the Jail

In the April Order, the Court dismissed Plaintiff's claims against the Jail with prejudice because "[t]he Jail is an administrative arm of the County, and thus lacks the capacity to be sued" (*see* April Order at 5) (citations omitted), yet Plaintiff continues to name the Jail as a defendant.

5

For the reasons set forth in the April Order, Plaintiff's claims against the Jail are dismissed with prejudice.

### 2. Claims against the County

As set forth in the April Order, "'[a] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality.'" (*Id.* at 6) (quoting *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012)) (additional citations omitted). "'Absent such a custom, policy, or usage, a municipality [or private employer] cannot be held liable on a *respondeat superior* basis for the tort of its employee." (*Id.*) (quoting *Jones*, 691 F.3d at 80) (additional citations omitted).

As further explained in the April Order:

> In order to prevail on a Section 1983 claim against a municipality, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008); *see also Connick*, 563 U.S. at 60-61 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury.") (quoting *Monell*, 436 U.S. at 691).
>
> A 1983 plaintiff need not show that the unconstitutional activity in question was a formal or explicit policy. "A municipal policy may be pronounced or tacit and reflected in either action or inaction." *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61 (citations omitted). Where a plaintiff's Section 1983 claims against a municipality are premised on the actions of a lower-level employee, the plaintiff may establish municipal liability "by showing that a policymaking official ordered or ratified the employee's actions-either expressly or tacitly." *Jones*, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to

> ignore them." *Id.* To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." *Id.*
>
> Finally, in order to withstand dismissal, a plaintiff's complaint must include factual content tending to support the existence of an unconstitutional custom or policy. *See Zherka v. City of New York*, 459 F. App'x 10, 12 (2d Cir. 2012) ("[T]he mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.") (quoting *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)).

(*Id.* at 6-7).

The Amended Complaint does not contain factual content from which it may reasonably be inferred that the County has engaged in any activity that has deprived Plaintiff of federal constitutional or statutory rights. Contrary to Plaintiff's assertion, there is no "constitutional right" to unfettered access to prison law libraries containing the "same or equal equipment as the district attorney has or [the] general public has" or to be housed in a facility that is never subject to an administrative "lock down." As to the medical care claims, the Amended Complaint suggests that the symptoms associated with ulcerative colitis are unpleasant, but does not suggest that Plaintiff has not received medical care for the condition. Plaintiff himself claims that his medical ailments are "documented in [his] medical records at [the Jail] and Nassau University Medical Center" (Am. Compl. at 3), suggesting that Plaintiff has in fact received medical attention and that his condition is being monitored. Furthermore, the Amended Complaint contains no factual allegations suggesting that the County has any policy relevant to the underlying conduct of which Plaintiff complains. Accordingly, Plaintiff's claims against the County are dismissed with prejudice.

### 3. Claims against Armor

As provided in the April Order, Armor, "[a]s a private health care company under contract with the state to provide medical services at a public prison, [] is subject both to suit under Section 1983 and the protections set forth in *Monell*." (April Order at 8) (citing *Bess v. City of New York*, No. 11-CV-7604, 2013 WL 1164919, at *2 (S.D.N.Y. Mar. 19, 2013)) (additional quotations and citations omitted). Accordingly, "[j]ust as with the County itself, a viable Section 1983 claim against Armor requires factual allegations suggesting that the alleged deprivation of rights under federal law was caused by company policy or custom, and not simply the action or inaction of some Armor employee." (*Id.*) (citing *Rojas v. Alexander's Dept. Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990)) (additional quotations and citations omitted).

As noted above, the Amended Complaint does not contain any factual content from which it may be reasonably inferred that Plaintiff's statutory or constitutional rights have been violated, much less pursuant to a policy or custom of Armor (or the County). Accordingly, Plaintiff's claims against Armor are dismissed with prejudice.

### 4. Claims against Sheriff Sposato

Finally, the April Order stated that "a plaintiff asserting a 1983 claim against an individual must allege that the individual defendant was personally involved in the constitutional deprivation." (*Id.* at 9) (citing *Raspardo v. Carlone*, 770 F.3d 97, 115 (2d Cir. 2014)) (additional quotations and citations omitted). The Court explained that "[w]here the individual defendant is a supervisory official, the plaintiff can satisfy the 'personal involvement' requirement by showing that the defendant '(1) fail[ed] to take corrective action after learning of a subordinate's unlawful conduct, (2) creat[ed] … a policy or custom fostering the unlawful conduct, (3) [was] gross[ly] negligen[t] in supervising subordinates who commit unlawful acts, or (4) [was] deliberate[ly]

indifferen[t] to the rights of others by failing to act on information regarding the unlawful conduct of subordinates.'" (*Id.*) (citing *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003)) (citation omitted). The Court further instructed that "where the individual defendant is a supervisory official, 'a plaintiff must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation.'" (*Id.* at 10) (quoting *Raspardo*, 770 F.3d at 116).

The Amended Complaint contains no factual allegations suggesting that Sheriff Sposato directly or in a supervisory capacity violated Plaintiff's constitutional rights under the standards set forth above. Accordingly, Plaintiff's claims against Sheriff Sposato are dismissed with prejudice.

### III.     CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is dismissed with prejudice.   Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order upon Plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any such appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *Umoja v. Griffin*, No. 11-cv-0736, 2014 WL 2453620, at *22 (E.D.N.Y. May 29, 2014). The Clerk of the Court is directed to close this case.

**SO ORDERED.**

                                                                                    *s/ Sandra J. Feuerstein*
                                                                                    Sandra J. Feuerstein
                                                                                    United States District Judge


Dated: June 21, 2016
           Central Islip, New York